UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

_____

| | |
|---|---|
| JOHN DOE, | File No. 18-CV-11935 |
| Plaintiff, | Hon. David M. Lawson |
| v. | |
| BRENDAN P. CURRAN, Otsego County Prosecuting Attorney, MATTHEW NOWICKI, Otsego County Sheriff, RON PUZON, former Otsego County Deputy, in their individual and official capacities, and RICHARD SNYDER, Governor of the State of Michigan, and COL. KRISTE ETUE, Director of the Michigan State Police, in their official capacities. | **IMMEDIATE CONSIDERATION REQUESTED** |
| Defendants. | |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, through his counsel, moves the Court for a temporary restraining order prohibiting Defendants from prosecuting Plaintiff under Mich. Comp. Laws § 28.721 et. seq., as amended July 1, 2011 ("SORA 2011") for violation of the "student safety zone" provision of Michigan's Sex Offender Registration Act, based on Plaintiff's continued residence at his current family home. Defendant Brendan Curran, the local county prosecutor, informed Plaintiff that he intends to prosecute

1

Plaintiff on or about July 4, 2018. This Court has previously held the portion of the statute under which Defendant Curran intends to prosecute Plaintiff to be unconstitutionally vague as applied to other plaintiffs under analogous circumstances. See *Does v. Snyder*, No. 12-11194, 2015 WL 1497852, at *5-9 (E.D. Mich. Mar. 31, 2015), aff'd on other grounds, *Does v. Snyder*, 843 F.3d 696 (6th Cir. 2016), pet. for cert. den., *Snyder v. John Does #1-5, et al.*, 138 S. Ct. 55 (2017).

Plaintiff also requests a date for a hearing on his motion for preliminary injunction granting the same relief. Counsel for Plaintiff has tried unsuccessfully to obtain an agreement from legal counsel likely to represent Defendant Curran in this matter for interim relief. The motion is supported by the accompanying brief.

        PINSKY, SMITH, FAYETTE & KENNEDY, LLP
        Attorneys for Plaintiff

Dated: July 3, 2018        By:  /s/ Sarah R. Howard
        Sarah Riley Howard
        Business Address:
        146 Monroe Center, N.W., Suite 805
        Grand Rapids, MI 49503
        (616) 451-8496
        showard@psfklaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

---

| | |
|---|---|
| JOHN DOE, | File No. 18-CV-11935 |
| Plaintiff, | Hon. David M. Lawson |
| v. | |
| BRENDAN P. CURRAN, Otsego County Prosecuting Attorney, MATTHEW NOWICKI, Otsego County Sheriff, RON PUZON, former Otsego County Deputy, in their individual and official capacities, and RICHARD SNYDER, Governor of the State of Michigan, and COL. KRISTE ETUE, Director of the Michigan State Police, in their official capacities. | **IMMEDIATE CONSIDERATION REQUESTED** |
| Defendants. | |

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

This is a case seeking a declaration that the residency restriction sections of Michigan's Sex Offender Registration Act are unconstitutionally vague and cannot be enforced. See Mich. Comp. Laws § 28.721 et. seq., as amended July 1, 2011 ("SORA 2011"). Plaintiff requires relief on or about July 4, 2018. Despite efforts of his counsel, Plaintiff has not been able to secure an agreement from Defendant Brendan Curran, the Otsego County Prosecutor, to stay prosecution that Defendant

3

Curran threatened in a letter to Plaintiff. Without this relief, Defendant Curran has ordered Plaintiff to sell his home and move, or he will unconstitutionally prosecute him sometime after July 4, 2018. This prosecution would be contrary to an applicable legal ruling of this Court in *Does v. Snyder*. No. 12-11194, 2015 WL 1497852, at *5-9 (E.D. Mich. Mar. 31, 2015). Accordingly, Plaintiff requires immediate relief in the form of a temporary restraining order, and for this matter to be set for a preliminary injunction hearing.

## I. FACTS

Plaintiff is required to register as a sex offender under SORA 2011, and he consistently does so as that law dictates. Before he and his family purchased a home in Otsego County, Plaintiff took the address and spoke to Sheriff's Deputy Ron Puzon about whether he was permitted to live at the address pursuant to the "student safety zone" (SSZ) provisions of SORA 2011, requiring on the face of the statute that Plaintiff live at least 1,000 feet from any school property. Deputy Puzon advised Plaintiff that Plaintiff could, under SORA 2011, legally live in the home that Plaintiff and his family intended to purchase. Plaintiff and his family then bought the home and moved in. (See Complaint.)

In January 2018, the Otsego County Prosecutor, Defendant Brendan Curran, sent Plaintiff a letter acknowledging that Plaintiff "may have been given unreliable advice by a former employee of the Otsego County Sheriff's Office" regarding

4

Plaintiff's ability to legally purchase his home without violating SORA 2011. (Complaint Ex. 1.) However, Defendant Curran's letter stated that he believed that SORA 2011 prohibited Plaintiff from living at his now-purchased home. (*Id.*) Defendant Curran wrote Plaintiff in the letter that Plaintiff needed to sell the home and move, or face criminal prosecution under SORA 2011. Defendant Curran stated that he intends to "reexamine" the matter "on or about the fourth of July, 2018," and that he intends to prosecute Plaintiff around that time.

In June, a Michigan State Police trooper visited Plaintiff at his home in the evening and asked about his plans to move. It appears that Defendant Curran indeed intends to prosecute Plaintiff in absence of relief from this Court while this litigation is pending.

Plaintiff's counsel has litigated issues involving the SSZ under SORA 2011 with Defendant Nowicki in another matter, and with Defendants Snyder and Etue ("the State Defendants") in multiple other matters. In these cases, counsel for Defendants agreed to stays of enforcement during the pendency of litigation. Plaintiff's counsel contacted prior counsel for Defendant Nowicki, Attorney Haider Kazim, to inquire whether he would represent Defendants Curran, Nowicki and Puzon ("the County Defendants") in this matter and to negotiate a stay of enforcement during litigation. Plaintiff's counsel also contacted prior counsel for the State Defendants with the Attorney General's Office and made the same request.

5

Mr. Kazim reports that Defendant Curran has not responded to his inquiries regarding agreement for a stay of enforcement. Assistant Attorney General Jared Schultz reported that the State Defendants take no position on interim relief until they know the wishes of the local prosecutor.

Both as applied to Plaintiff and on its face, SORA 2011 is void for vagueness. A person of average intelligence cannot possibly comply because, among other problems, the law is completely vague as to how the distance from a school is measured. Moreover, Plaintiff reasonably relied on information he was given about the law before he purchased his family's home, and he has significantly relied on that advice. Accordingly, Plaintiff respectfully requests that the Court enjoin enforcement of this portion of the statute as to him during the pendency of this case to permit him to continue to reside in his family home while the case is pending.

## II.  LEGAL STANDARD

In evaluating a motion for preliminary injunction, the Court reviews: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Planet Aid v. City of St. Johns*, 782 F.3d 318, 323 (6th Cir. 2015).

III. ARGUMENT

A. **Plaintiff Has Shown Likelihood of Success on the Merits.**

Plaintiff's Complaint challenges the residency restriction in SORA 2011 as unconstitutionally void for vagueness and impossible to comply with both on its face and as applied to him. This Court found this exact provision in the statute – SORA 2011's residency restrictions – unconstitutionally void for vagueness as to the plaintiffs in that suit. *Does v. Snyder*, No. 12-11194, 2015 WL 1497852, at *5-9 (E.D. Mich. Mar. 31, 2015). The Sixth Circuit affirmed that case on ex post facto grounds because the plaintiffs in that matter all had older convictions predating SORA 2011 which landed them on the registry. *Does v. Snyder*, 843 F.3d 696 (6th Cir. 2016), *pet. for cert. den.*, *Snyder v. John Does #1-5, et al.*, 138 S. Ct. 55 (2017).

The statute is vague as applied to this Plaintiff's personal circumstances, too, having been told by one police officer that his soon-to-be new home was compliant and then being told by the county prosecutor that it was not. In addition, this Court's decision in *Does*, holding that the SSZ was too vague to be applied to those plaintiffs, would apply by the same reasoning to Plaintiff here. Accordingly, Plaintiff's chance of success on the merits on his as-applied challenge is very high, which is more than enough to weigh heavily in favor of granting preliminary relief.

B. **Plaintiff Will Suffer Irreparable Harm Without Immediate Relief.**

Despite relying on pre-clearance he received from Defendant Puzon that his home was in compliance with SORA 2011 before he purchased it and moved his

7

family in, Defendant Curran informed him that he must move by sometime around July 4, 2018, or face criminal prosecution. (Complaint Ex. 1.) As described in the Complaint, Plaintiff has reliance costs in purchasing the home and moving his family in, but the most severe irreparable harm would be the stress and uncertainty of facing a criminal prosecution. Plaintiff will be irreparably harmed without immediate relief, and he is not required to wait until he is criminally prosecuted to challenge the constitutionality of the state's action:

> When contesting the constitutionality of a criminal statute, it is not necessary that [the plaintiff] first expose himself to actual arrest or prosecution to be entitled to challenge [the] statute that he claims deters the exercise of his constitutional rights. When the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder, he should not be required to await and undergo a criminal prosecution as the sole means of seeking relief.

*Does v. Snyder*, No. 12-11194, 2015 WL 1497852, at *6 (E.D. Mich. Mar. 31, 2015) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)).

### C.   The Balance of Harms Weighs In Favor of Granting Immediate Relief.

The potential harm to Plaintiff without immediate relief, as described *supra*, far outweighs any possible burden to Defendants. Plaintiff has gone to great lengths to comply with SORA 2011 and reported as required, and he is still willing to do so. Plaintiff's position, and the crux of this case, is that SORA 2011 cannot be applied so as to prohibit him from living at his current address, and he will be irreparably harmed, as described in the Complaint, if forced to sell the home and move now.

Defendants will know where he is during the pendency of this case. Plaintiff has been living at this address with Defendant Curran's knowledge and without incident. Compared to the potential harms to Plaintiff without an injunction, the balance of harms tips entirely in Plaintiff's favor.

### D. The Public Interest Lies In Granting A Preliminary Injunction.

The public's interest lies in enforcing the provisions of the Constitution and in providing citizens with fair notice of how they can comply with the law. The interest that the public has in monitoring Plaintiff and others who have prior convictions requiring them to register as sex offenders is not significantly or unduly impacted by the interim relief requested here. Law enforcement and the general public will still know the address of Plaintiff, and Plaintiff will continue to report to law enforcement for registry under SORA 2011.

## CONCLUSION

Accordingly, Plaintiff respectfully requests the Court enter a temporary restraining order and set the matter for hearing on his motion for preliminary injunction. Plaintiff respectfully requests that the TRO prohibit Defendants from requiring Plaintiff to move from his home, and preventing criminal prosecution of Plaintiff under SORA 2011 if he continues to live in his current home and make reports as required under SORA 20111, unless and until such time as this Court lifts its Order with appropriate advance notice to Plaintiff.

|  |  |
|---|---|
|  | PINSKY, SMITH, FAYETTE & KENNEDY, LLP<br>Attorneys for Plaintiff |
| Dated: July 3, 2018 | By:  /s/ Sarah R. Howard<br>       Sarah Riley Howard<br>       Business Address:<br>             146 Monroe Center, N.W., Suite 805<br>             Grand Rapids, MI 49503<br>             (616) 451-8496<br>             showard@psfklaw.com |

## CERTIFICATE OF SERVICE

Counsel for Plaintiff states that on this date, she has emailed copies of this Motion and Brief to counsel for Defendants Snyder and Etue; counsel who she believes will file an appearance for Defendants Curran, Nowicki and Puzon; and on Defendant Curran directly.

|  |  |
|---|---|
|  | PINSKY, SMITH, FAYETTE & KENNEDY, LLP<br>Attorneys for Plaintiff |
| Dated: July 3, 2018 | By:  /s/ Sarah R. Howard<br>       Sarah Riley Howard<br>       Business Address:<br>             146 Monroe Center, N.W., Suite 805<br>             Grand Rapids, MI 49503<br>             (616) 451-8496<br>             showard@psfklaw.com |