UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

        Plaintiff,                              Case Number  18-11935
                                                       Honorable David M. Lawson

v.

BRENDAN P. CURRAN, MATTHEW NOWICKI,
RON PUZON, RICHARD SNYDER, and
COL. KRISTE ETUE,

        Defendants.

_____/

**ORDER TO SHOW CAUSE**

On June 19, 2018, the plaintiff, identified in the caption under a pseudonym, filed a one-count complaint alleging that Michigan's Sex Offender Registration Act (SORA), Michigan Compiled Laws § 28.721 *et seq.* is void for vagueness, impossibility, and wrongful imposition of strict liability under the Fourteenth Amendment's Due Process Clause.  The complaint indicates in a footnote that the plaintiff will be filing a motion for permission to proceed anonymously.  However, no motion has been filed yet.

"As a general matter, a complaint must state the names of all parties." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing Fed. R. Civ. P. 10(a)).  As it has been described, "[i]dentifying the parties to the proceeding is an important dimension of publicness.  The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997).

Notwithstanding this general rule, the Sixth Circuit has held that a district court "may excuse plaintiffs from identifying themselves in certain circumstances." *Porter*, 370 F.3d at 560.  As the court of appeals explained:

> Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981). We review the district court's decision to grant a protective order for an abuse of discretion. *Samad v. Jenkins*, 845 F.2d 660, 663 (6th Cir. 1988).

*Ibid.*

"Ordinarily, a plaintiff wishing to proceed anonymously files a protective order that allows him or her to proceed under a pseudonym." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). "Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because, as the Tenth Circuit has held, 'the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.'" *Id.* at 637 (quoting *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)). In this case, the docket does not reflect that the plaintiff has filed a motion seeking permission to proceed under a pseudonym.

Accordingly, it is **ORDERED** that the plaintiff must show cause in writing, **on or before July 11, 2018 at noon**, why the case should not be dismissed for failure to file a motion to proceed anonymously or file an amended complaint in the name of an identifiable plaintiff.

    s/David M. Lawson  
    DAVID M. LAWSON  
    United States District Judge

Dated: July 5, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 5, 2018.

          s/Susan Pinkowski
          SUSAN PINKOWSKI