UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE and
JOHN DOE 2,

    Plaintiffs,

v.

                                            Case No. 18-11935

BRENDAN P. CURRAN et al.,

    Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR
ATTORNEY FEES WITHOUT PREJUDICE, LIFTING STAY, AND SETTING
TELEPHONE CONFERENCE**

Plaintiffs John Doe 1 and John Doe 2 filed a one-count civil rights complaint alleging that Defendants, who are various Michigan state and county government and law enforcement officials, violated their rights under the Fourteenth Amendment by enforcing against them unconstitutional portions of Michigan's Sex Offender Registration Act ("SORA"). Mich. Comp. Laws § 28.721 et seq. Plaintiffs' complaint sought declaratory and injunctive relief related to certain allegedly unconstitutional provisions of SORA, monetary damages, and attorney fees. (ECF No. 32.)

On July 12, 2018, the court granted Plaintiffs' motion for preliminary injunction—enjoining Defendants from prosecuting Doe 1 for living within a student safety zone. (ECF No. 91.) In November 2019, the case was reassigned to the undersigned judge as a companion to the certified class action *Does v. Snyder*, No. 16-13137 (E.D. Mich.) ("Does II"). A stipulated order was entered continuing the preliminary injunction "until the resolution of [Does II]" because Plaintiffs appeared to be members of the certified class

in *Does II.* (ECF No. 90). On January 10, 2020, the court issued an opinion granting summary judgment to Defendants on all of Plaintiffs' individual capacity claims, "deny[ing] without prejudice Plaintiffs' and Defendants' motions as they relate to the official capacity claims" and "stay[ing] [the proceedings] until the court issues [a] decision in *Does II*." (ECF No. 91, PageID.1205, 1222.)

Before a final judgment had been issued in this case, or in the *Does II* class action, Plaintiffs filed the present motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 54 and 42 U.S.C. § 1988(b). (ECF No. 93.) Plaintiffs contend that they are the "prevailing party" on their 42 U.S.C. § 1983 constitutional claim based on the preliminary relief obtained in the case "'because the 'relief, even though preliminary in nature, materially changed the [prosecutor's] behavior toward'" Plaintiffs. (*Id.*, PageID.1230 (quoting *Roe v. Snyder*, No. 16-cv-13353, 2019 U.S. Dist. LEXIS 152884, at *9 (E.D. Mich. Sep. 9, 2019)).)

Defendants filed two response briefs opposing the motion for attorneys' fees. (*See* ECF Nos. 100, 101.) Defendants oppose the request on its merits—arguing that Plaintiffs can never be a prevailing party in the present suit because they are members of a class in *Does II* addressing the same claims. (ECF No. 101, PageID.1361-62.) Defendants also argue that "Plaintiffs' motion should be denied as premature" because "[t]his case is stayed pending the outcome in *Does II*." (*Id.*)

While a final judgment has now been issued in *Does II*, *see Does*, No. 16-13137 (E.D. Mich. Aug. 26, 2021), ECF No. 126, the court agrees that Plaintiffs' request for attorneys' fees is premature because a final judgment has not been issued in the present matter and the case has been stayed. Federal Rule Civil Procedure 54(d)(2)

2

provides that a prevailing party may move for attorney's fees "*after* entry of judgment." The prevailing party is generally determined on the outcome of the case as a whole, rather than by a piecemeal assessment of how a party fares on each motion. *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 131 n.2 (6th Cir. 2007). The court finds that it should first determine the proper disposition of this case before it considers the matter of attorneys' fees. Consequently, Plaintiffs' motion will be denied without prejudice.

Since a final judgment has now been entered in *Does II,* the court will lift the stay in this case and will schedule a status conference to discuss the parties' respective views on the proper final disposition of this case and the outstanding preliminary injunction. The parties should make efforts to jointly confer before the status conference to determine if an agreement can be reached on the appropriate next steps. Accordingly,

IT IS ORDERED that Plaintiff's motion for attorney's fees (ECF No. 93) is DENIED WITHOUT PREJUDICE.

IT IS ORDERED that the stay in this matter (ECF No. 91) is hereby LIFTED.

IT IS FURTHER ORDERED that counsel for the parties are DIRECTED to appear for a telephonic status conference on September 14, 2021, at 10:00 a.m.

s/Robert H. Cleland          /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:   August 30, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 30, 2021, by electronic and/or ordinary mail.

<u>s/Lisa Wagner</u>                /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\18-11935.CURRAN.AttorneysFees.AAB.docx