UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———————————————————————————

| | |
|---|---|
| JOHN DOE and<br>JOHN DOE 2,<br><br>     Plaintiffs, | File No. 18-11935<br><br>Hon. Robert H. Cleland |

v.

BRENDAN P. CURRAN, et al.,

     Defendants.

———————————————————————————

# **FINAL JUDGMENT**

1.     On January 10, 2020, this Court issued an opinion and order determining that Defendant Schriner is entitled to quasi-judicial immunity regarding Plaintiffs individual capacity claims, and that Defendants Curran, Nowicki and Puzon are entitled to qualified immunity regarding Plaintiffs individual capacity claims.  (ECF No. 91, PageID.1204-1219.)

2.     The January 10, 2020 opinion and order "disposes of all the claims for money damages and leaves the sole issue in this case the claim for injunctive and declaratory relief brought against Defendants in their official capacity."  (ECF No. 91, PageID.1221-1222.)

1

3. Also in the January 10, 2020 opinion and order, as to Plaintiff's official capacity claims against all Defendants, this Court determined that "Plaintiffs' requested relief is the precise remedy sought by the certified class in *Does II* [*Doe, et al. v Whitmer, et al.*, USDC ED of MI No. 16-13137]. Plaintiffs do not dispute their membership in the mandatory *Does II* class nor do they argue that their claims for declaratory or injunctive relief differ from those of the certified class. (ECF No. 79, PageID.1081–82.) As members of the certified Rule 23(b)(2) class in Does II, Plaintiffs' claims for declaratory and injunctive relief are subsumed in the class action claims. Plaintiffs have no right to separately litigate their claims for injunctive relief because doing so would create the potential for inconsistent judgments." (ECF No. 91, PageID.1220.) This case was stayed pending the resolution of *Does II*. (ECF No. 91, PageID.1222-1223.)

4. The Michigan Legislature thereafter passed, and the Michigan governor signed, Michigan Public Act 295 of 2020 (HB 5679), which repealed certain provisions and amended other provisions of Michigan's Sex Offenders Registration Act, and which took effect on March 24, 2021 ("new SORA").

2

5. Under the new SORA, the specific provisions challenged by Plaintiffs in their official capacity claims have been repealed effective March 24, 2021, including the "student safety zone" provisions, Mich. Comp. Laws §§ 28.733-735.

6. An amended final judgment was entered in the *Does II* class action on August 26, 2021. (See Amended Final Judgment, *Doe, et al. v Whitmer, et al.*, USDC ED of MI No. 16-13137, ECF No. 126, Page ID.2566-2575.)

7. The amended final judgment in *Does II* declares Michigan's pre-2021 SORA to be punishment and also declares that the pre-2021 SORA is null and void as applied to members of the ex post facto subclasses, including Plaintiffs, regarding conduct that occurred before March 24, 2021. (See Amended Final Judgment, ¶ 2, USDC ED of MI No. 16-13137, ECF No. 126, PageID.2569.)

8. The amended final judgment in *Does II* permanently enjoins enforcement of any provision of the pre-2021 SORA against members of the ex post facto subclasses, including Plaintiffs, for conduct that occurred before March 24, 2021. (See Amended Final Judgment, ¶ 3, ECF No. 126, PageID.2569.)

9. The amended final judgment in *Does II* declares certain provisions of the pre-2021 SORA unconstitutional and enjoins enforcement of those provisions against any registrant, including Plaintiffs, for any violation that occurred before March 24, 2021. The declaration and injunction apply to the specific provisions challenged by Plaintiffs in their official capacity claims, including the "student safety zone" provisions, Mich. Comp. Laws §§ 28.733-735. (See Amended Final Judgment, ¶ 4, USDC ED of MI No. 16-13137, ECF No. 126, PageID.2570.)

10. The amended final judgment in *Does II* mandates that the pre-2021 SORA must be interpreted as incorporating a knowledge requirement. (See Amended Final Judgment, ¶ 4, USDC ED of MI No. 16-13137, ECF No. 126, PageID.2570.)

11. "[This] court cannot enter separate injunctive relief for Plaintiffs because their claim for injunctive relief is subsumed by the *Does II* class." (ECF No. 91, PageID.1221.) As a result of the relief granted in *Does II* and the legislative changes to SORA, Plaintiffs claims for injunctive and declaratory relief against Defendants in their official capacity are moot.

12. As a result of the relief granted in *Does II*, the preliminary injunction granted to John Doe 1 in this case (ECF No. 27, Page ID.126-128) is no longer necessary and the preliminary injunction is DISSOLVED.

WHEREFORE, based on the foregoing, IT IS ORDERED that final judgment is entered in favor of Defendants. All of Plaintiffs' individual and official capacity claims against all Defendants are DISMISSED WITH PREJUDICE.[1]

SO ORDERED.

S/Robert H. Cleland
Hon. Robert H. Cleland
U.S. District Judge

Dated: December 29, 2021

---

[1] While the parties stipulated to the vast majority of this order, they could not reach an agreement on whether Plaintiff's claims should be considered "resolved" or "dismissed with prejudice." The court has opted to use the later term because it appears to be most consistent with how courts have previously interpreted the effect of mandatory class certification on related litigation. "[T]he binding effect of a class-action judgment" has both claim and issue preclusive effects. *See* § 1789 Effect of a Judgment in a Class Action—In General, 7AA Fed. Prac. & Proc. Civ. § 1789 (3d ed.). And when a claim has been found to be barred by *res judicata*, this court has used the term "dismissed" to terminate the litigation. *See, e.g., Daniel v. W. Asset Mgmt.*, No. 14-13573, 2015 WL 2405708, at *4 (E.D. Mich. May 20, 2015) (Cleland, J.) ("dismiss[ing]" claim due to "*res judicata*").

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 29, 2021, by electronic and/or ordinary mail.

                                          s/Lisa Wagner                                /
                                          Case Manager and Deputy Clerk
                                          (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\18-11935.CURRAN.Judgment.AAB.docx